## Yabczynski Estate

*Louis Cohen*, for petitioners.

*John L. Pipa, Jr.*, for respondent.

TROUTMAN, J., May 28, 1956.—Petitioners, Lottie Belski and Stephania Conrad, presented their petition praying for the court to issue a citation to Theodore Yabczynski, executor of the estate of Victoria Yabczynski, deceased, to show cause why he should not file an inventory and appraisement as required by section 401 of the Fiduciaries Act of April 18, 1949, P. L. 512. A citation was issued to executor and an answer was filed by him to said petition and citation requesting that the said citation be discharged. A hearing was had on said petition and answer and testimony taken.

It was admitted that respondent, Theodore Yabczynski, is executor of the estate of Victoria Yabczynski, deceased, and that three months have elapsed since

his appointment as executor. It is also admitted that petitioners, Lottie Belski and Shephania Conrad, are legatees in the said estate, each of them having been bequeathed the sum of $5. In his answer, the executor stated that he was ready and willing to pay each petitioner the amount of the bequest upon the execution of proper releases and they were so notified immediately upon the death of said decedent. The answer denied that they were creditors and, consequently, were not entitled to request the filing of an inventory.

Petitioners claim that certain articles of personal property in the possession of their mother at the time of her death belong to them and, because of the failure of executor to file an inventory, they are unable to ascertain whether these articles are claimed by executor as part of his decedent's estate or not.

The testimony of executor discloses that some of the articles claimed by petitioners are claimed by him as assets of his mother's estate and some others were not found by him. A careful reading of his testimony definitely shows that there were articles of personal property on the premises aside from the articles claimed by petitioners.

Section 401 of the Fiduciaries Act, supra, provides that within three months after his appointment, every personal representative shall file with the register, an inventory and appraisement, verified by his affidavit of all real and personal estate of decedent, except real estate outside of the Commonwealth. While there is no procedure set forth in the Fiduciaries Act of 1949 for compelling the filing of an inventory, there is adequate power under the provisions of the Orphans' Court Act for compelling compliance of all duties of fiduciaries.

While the personal assets of decedent are apparently of very little value, yet petitioners as claimants of certain articles of personal property which executor,

by his own testimony, has included in the assets of the estate, have a right to petition this court to compel executor to file an inventory and appraisement of the personal property included in the estate. Furthermore, the act specifically provides that every personal representative shall file an inventory which is a mandatory requirement, no matter how valuable the assets might be. Even should there be no personal property every personal representative should file an inventory stating thereon that there are no personal assets in the estate. By his own testimony, executor has admitted that there was personal property in decedent's estate. Petitioners may be classed as creditors against the said estate inasmuch as they are claiming articles of personal property which, though in the possession of decedent at the time of her death, they contend belong to them.

Therefore, the citation must be made absolute and executor directed to file an inventory and appraisement within a period of 30 days from the date of the filing of this order.